## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **FENTON LEWIS LOGAN** | § | |
| | § | |
| **VS.** | § | **C.A. NO. 4:22-03556** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 281st District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

### I.
### PROCEDURAL BACKGROUND

1.      On September 8, 2022, Plaintiff filed this action against State Farm in the 281st District Court in Harris County, Texas. The state court cause number is 2022-57185 ("State Court Action"). State Farm was served on September 15, 2022 and filed its answer on October 10, 2022. In Plaintiff's Original Petition ("Original Petition"), Plaintiff states that he seeks damages over $250,000. *Plaintiff's Original Petition,* ¶9.1. The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, exclusive of interest and costs, as required under section 1332(a).

2.      In accordance with 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 281st District Court in Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
### <u>NATURE OF SUIT</u>

3.    Plaintiffs filed this lawsuit alleging State Farm failed to pay insurance benefits owed to them in accordance with a Homeowner Policy for damage to their home caused by a winter storm that occurred on or about February 17, 2021.  *Plaintiff's Original Petition at ¶6.5* .  Plaintiff asserts causes of action for breach of contract and for violations of Chapters 541 and 542 of the Texas Insurance Code, DTPA, breach of the duty of good faith and fair dealing, and misrepresentation . *Id*. at ¶¶ 7.2- 7.7. As addressed in further detail below, State Farm now timely files this Notice of Removal, because there is complete diversity of citizenship between the parties, and Plaintiff's alleged damages exceed the jurisdictional limits of this Court.

## III.
### <u>BASIS OF REMOVAL</u>

4.    The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.    First, the parties are diverse. At all relevant times, Plaintiff was, and continue to be, residents of Harris County, Texas.  *Plaintiff's Original Petition at ¶ 1*.  State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code.  The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized.  *Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at

*1 (S.D. Tex. Oct. 31, 2003) (same).  At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas.  *See Affidavit of Weslie Sawyer attached as Exhibit A*.  Accordingly, State Farm is not a citizen of the State of Texas.

6.      Second, Plaintiff seeks to recover damages for State Farm's denial and/or underpayment of the claim.  *See Plaintiff's Original Petition at ¶¶ 6.3- 6.23*.  Plaintiff is  seeking monetary relief over $250,000.00.  *See Id. at* ¶1.1. It is thus facially apparent that the damages sought exceed the $75,000.00 threshold, exclusive of interest and costs, for removal. *See Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).**IV.**

**REMOVAL PROCEDURES**

7.      On September 8, 2022, Plaintiffs filed this case against State Farm in the 281st District Court of Harris County, Texas. State Farm was served on September 15, 2022.  State Farm filed its Answer on October 10, 2022.  This Notice of Removal is being timely filed on October 14, 2022.  Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service, *see* 28 U.S.C. § 1446(b)(1), and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(c)(1).

8.      The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged and which forms the basis of Plaintiff's lawsuit, is located in Harris County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Harris County. 28 U.S.C. § 1441(a).  Harris County is within the jurisdictional limits of the Houston Division. 28 U.S.C. § 124(b)(2).

9.      All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit B.  In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Harris County Clerk's Office and served on the Plaintiff.

10.      A jury trial was requested in state court and Defendant hereby requests a jury trial in this cause of action.

### V.
### PRAYER

11.      State Farm respectfully requests that the above-styled action now pending in in the 281st District Court of Harris County, Texas, be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By:  _Rachel Crutchfield_

**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
holidyefile@germer.com

**ATTORNEY FOR DEFENDANT,**
**STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
Rachel Crutchfield
Federal Bar No. 3696121
State Bar No. 24012481
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rcrutchfield@germer.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 14th day of October, 2022.

Jesse S. Corona                                                                        <u>Vɪᴀ **CM/ECF**</u>
Tʜᴇ Cᴏʀᴏɴᴀ Lᴀᴡ Fɪʀᴍ, PLLC
12807 Haynes Road, Bldg. E
Houston, Texas 77066
jesse@thecoronalawfirm.com


_____
**RACHEL CRUTCHFIELD**

**LIST OF ATTORNEYS/PARTIES**

**FENTON LEWIS LOGAN V. STATE FARM LLOYDS**

1.    Jesse S. Corona
      THE CORONA LAW FIRM, PLLC
      12807 Haynes Road, Bldg. E
      Houston, Texas 77066
      (281) 882-3531 – Telephone
      (713) 678-0613 – Facsimile
      jesse@thecoronalawfirm.com

      *Attorneys for Plaintiff, Fenton Lewis Logan*

2.    Dale M. "Rett" Holidy
      Rachel Crutchfield
      GERMER PLLC
      America Tower
      2929 Allen Parkway, Suite 2900
      Houston, Texas 77019
      (713) 650-1313 – Telephone
      (713) 739-7420 – Facsimile
      holidyefile@germer.com
      rcrutchfield@germer.com

      *Attorneys for Defendant, State Farm Lloyds*

**INDEX OF DOCUMENTS FILED**
**WITH REMOVAL ACTION**

**FENTON LEWIS LOGAN V. STATE FARM LLOYDS**

(A)    Plaintiff's Original Petition

(B)    Citation

(C)    Original Answer for Defendant State Farm Lloyds

(D)    State Court Case Summary/Docket Sheet

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **FENTON LEWIS LOGAN** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:22-cv-03556** |
| | § | **JURY** |
| **STATE FARM LLOYDS** | § | |

### <u>AFFIDAVIT OF WESLIE SAWYER</u>

This day appeared before me, the undersigned authority, WESLIE SAWYER, who after being duly sworn, deposed and stated as follows:

1.      "My name is Weslie Sawyer. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.      I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also a Finance Director for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My business address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.      As part of my job duties for State Farm Mutual, I have access to and personal knowledge of the records of the department that prepares and files the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.      State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.      As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.      As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.      On June 24, 2022, the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated December 10, 2021 had been placed on file and that its records had been updated to reflect the following changes to the underwriters:  Michele



Celeste Russo replaced Annette Romero Martinez.

The current underwriters for State Farm Lloyds are listed below:

- Mark Edward Schwamberger:  Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold:  Mr. Arnold is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich:  Mr. Heidrich is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark:  Ms. Roark is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Deon Sherie Johnson:  Ms. Johnson is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord:  Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak:  Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs:  Mr. Isaacs is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain

- Craig Dean Isaacs:  Mr. Isaacs is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michele Celeste Russo:  Ms. Russo is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.      At all times since the June 24, 2022 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.

FURTHER AFFIANT SAYETH NAUGHT.”

_____
WESLIE SAWYER

SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this the 14th day of October, 2022.

_____
Notary Public for the State of Illinois

OFFICIAL SEAL
MARCEY HUNT
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires January 22, 2024

**INDEX OF DOCUMENTS FILED
WITH REMOVAL ACTION**

**FENTON LEWIS LOGAN V. STATE FARM LLOYDS**

(A)     Plaintiff's Original Petition

(B)     Citation

(C)     Original Answer for Defendant State Farm Lloyds


(D)     State Court Case Summary/Docket Sheet

Defendant's
Exhibit

B



## Notice of Service of Process

**KSB / ALL**
**Transmittal Number: 25558815**
**Date Processed: 09/15/2022**

**Primary Contact:**
State Farm Enterprise SOP
Corporation Service Company- Wilmington, DELAWARE
251 Little Falls Dr
Wilmington, DE 19808-1674

| | |
|---|---|
| **Entity:** | State Farm Lloyds<br>Entity ID Number  3461674 |
| **Entity Served:** | State Farm Lloyds |
| **Title of Action:** | Fenton Lewis Logan vs. State Farm Lloyds |
| **Matter Name/ID:** | Fenton Lewis Logan vs. State Farm Lloyds (12940905) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 202257185 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 09/15/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Teh Corona Law Firm, PLLC<br>281-882-3531 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SEP 1 4 2022
@ 6:00 pm

EML
**COPY OF PLEADING PROVIDED BY PLT**

Receipt Number: 932955
Tracking Number: 74050512

CAUSE NUMBER: 202257185

---

PLAINTIFF: LOGAN, FENTON LEWIS

vs.

DEFENDANT: STATE FARM LLOYDS

In the 281st Judicial

District Court of

Harris County, Texas

---

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS MAY BE SERVED BY SERVING ITS REGISTERED AGENT

CORPORATION SERVICE COMPANY

211 EAST 7TH STREET SUITE 620

AUSTIN TX 78701-3218

OR WHEREVER IT MAY BE FOUND

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on September 8, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 12, 2022.



Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: MARIA RODRIGUEZ

Issued at request of:
CORONA, JESSE S.
12807 HAYNES ROAD, BLDG E
HOUSTON, TX 77066
281-882-3531
Bar Number: 24082184

DELIVERED:
ON: 9 / 15 / 2022
BY: JS  PSC #1267

Tracking Number: 74050512
EML

CAUSE NUMBER: 202257185

PLAINTIFF: LOGAN, FENTON LEWIS

    vs.

DEFENDANT: STATE FARM LLOYDS

In the 281st

Judicial District Court

of Harris County, Texas

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE:  $ _____

County, Texas

_____
           Affiant

_____

_____ of _____

By: _____
                    Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____

_____
           Notary Public

9/8/2022 6:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68087019
By: Maria Rodriguez
Filed: 9/8/2022 6:34 PM

**CAUSE NO.  2022-57185**

| | | |
|---|---|---|
| **FENTON LEWIS LOGAN,** | § | **IN THE DISTRICT COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| *Defendant.* | § | **281st JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff FENTON LEWIS LOGAN, and complains of Defendant
STATE FARM LLOYDS ("STATE FARM").  In support of such claims and causes of action,
Plaintiff respectfully shows unto this Honorable Court and Jury as follows:

### I.  DISCOVERY CONTROL PLAN

1.1    Discovery in this case should be conducted in accordance with a Level 3 tailored
discovery control plan pursuant to TEX. R. CIV. P. 190.4.  Plaintiff affirmatively pleads this suit
is not governed by the expedited-actions process in Rule 169, as Plaintiff seeks monetary relief
over $250,000 excluding interest, statutory or punitive damages and penalties, and attorney fees
and costs.

### II.  PARTIES

2.1    Plaintiff, FENTON LEWIS LOGAN, is a resident of Harris County, Texas.

2.2    Defendant, STATE FARM LLOYDS, is a foreign company engaged in the
business of insurance in this state.  It may be served with process by serving its registered agent,
Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, or
wherever it may be found.  Plaintiff requests citation be issued and E-served to Plaintiff's

---

attorney's office.

### III. JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Harris County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Harris County, Texas.

### IV. AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this Petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing.  It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### V. CONDITIONS PRECEDENT

5.1     All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS APPLICABLE TO ALL COUNTS

6.1     Plaintiff is the owner of a Texas Homeowner's Policy number 53-09-0048-0 issued by STATE FARM (the "Policy").

6.2     Plaintiff owns the insured property, which is specifically located at 439 North Compass Rose Circle, Crosby, Texas 77532 (the "Property").

6.3     STATE FARM, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related and interior water loss events, to Plaintiff.

6.4     The Plaintiff suffered immediate and severe damage to his residential property as a result of an interior water leak related to Winter Storm Uri that occurred on or about February 17, 2021.

6.5     The Plaintiff timely submitted a claim to STATE FARM.   STATE FARM assigned various adjusters to adjust the claim. However, STATE FARM and its agents were not diligent in investigating Plaintiff's loss.   STATE FARM failed to timely and accurately investigate the covered loss.  STATE FARM assigned claim number 53-16S5-73B to Plaintiff's claim.

6.6     Ultimately, STATE FARM, inspected Plaintiff's property after the loss.  During the inspection, STATE FARM, was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of, and then quantifying the damage done to Plaintiff's home.

6.7     STATE FARM prepared a repair estimate which did not account for all of the covered damages.  Further, even the damages that were accounted for were vastly under-scoped. Thus, Defendant STATE FARM demonstrated it did not conduct a thorough investigation of the claim.

6.8     Defendant STATE FARM failed to fairly evaluate and adjust Plaintiff's claim as they are obligated to do under the Policy and Texas law.  By failing to properly investigate the claim and wrongfully denying full coverage to Plaintiff, STATE FARM engaged in unfair settlement practices by misrepresenting material facts to Plaintiff.

6.9     Defendant STATE FARM failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy.  Specifically, Defendant STATE FARM failed and refused to properly pay proceeds for the Policy, although due demand was made for

proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant STATE FARM's conduct constitutes a material breach of the insurance contract.

6.10    Defendant STATE FARM misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(1).

6.11    Defendant STATE FARM's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section specified in Tex. Ins. Code § 541.051(1)(B).

6.12    Defendant STATE FARM failed to make an attempt to settle Plaintiff's claims in a prompt and fair manner, although they were aware of its liability to Plaintiff was reasonably clear under the Policy. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(2)(A).

6.13    Defendant STATE FARM failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle Plaintiff's claims, in violation of Tex. Ins. Code § 541.060(a)(3).

6.14    Defendant STATE FARM failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's

conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(4).

6.15    Defendant STATE FARM refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant STATE FARM performed a results/outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant STATE FARM misrepresented the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendant STATE FARM failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.055.

6.18    Defendant STATE FARM failed to accept or deny the Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information.

Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.056.

6.19    Defendant STATE FARM failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.058.

6.20    From the point in time Plaintiff's claim was presented to Defendant STATE FARM, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant STATE FARM has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. On or about May 17, 2022, Plaintiff's counsel sent a letter of representation requesting various documents related to the loss, including a certified true copy of the complete policy covering the property on the date of loss, with all endorsements.

6.22    On or about June 7, 2022, Plaintiff's counsel sent a Texas Insurance Code 542A Notice and Texas Deceptive Trade Practices Act ("DTPA") Demand letter to the Defendant. The letter gave Defendant a statement of the acts or omissions giving rise to the claim and included the specific amount alleged to be owed by the insurer on the claim for damage to or loss of a covered property, as well as the amount of reasonable and necessary attorney's fees incurred

by Plaintiff as of the date of the Notice. The letter also informed Defendants of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiff's claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations. The Notice and Demand letter provided Defendants with the statutorily mandated sixty days to respond, and an opportunity to resolve the claim without extended litigation costs. The letter was submitted with a line-itemed Xactimate damage estimate with color photos, detailing the exact damages at the Property and the costs to repair it. Defendant acknowledged the letter, then requested a re-inspection of the Property. That re-inspection took place on June 12, 2022, after which STATE FARM then maintained its previous claims stance and denied the Demand in its entirety in a letter to Plaintiffs' counsel dated July 19, 2022; satisfying the sixty-one day statutory notice requirement, as well as the statutory requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty-day time period to attempt to resolve the claim before a Petition is to be filed.

6.23   To date, Defendant STATE FARM has failed to and refused to pay Plaintiff for the proper repair of the property. Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII.  COUNTS

7.1   Plaintiff incorporates by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

7.2   **COUNT 1 – BREACH OF CONTRACT**

a.      At the time of the loss, Plaintiff had valid, enforceable insurance contract in place, issued by Defendant (the "Policy").  Plaintiff was the insured of the contract. Plaintiff fully performed his contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

b.      According to the Policy that Plaintiff purchased, Defendant STATE FARM had the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages.  As a result of these damages, which result from covered perils under the Policy, the Plaintiff's home has been damaged.

c.      Defendant STATE FARM's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant STATE FARM's contract with Plaintiff.  As a result of this breach of contract, Plaintiff has suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

7.3   **COUNT 2 –  PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.**

a.      Under the Texas Insurance Code, Defendant STATE FARM had a duty to investigate and pay Plaintiff's claim under the Policy in a timely manner.  Defendant STATE FARM violated Chapter 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its

investigation, including failing to accept or reject Plaintiff's claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

b.     All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Petition. Defendant STATE FARM is therefore liable under Chapter 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

c.     Additionally, if it is determined Defendant STATE FARM owes Plaintiff any additional money on Plaintiff's claim, then Defendant has automatically violated Chapter 542 in this case.

## 7.4   COUNT 3 –   UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.

a.     As an insurer, Defendant STATE FARM owes statutory duties to Plaintiff as its insured.   Specifically, the Texas Insurance Code prohibits Defendant STATE FARM from engaging in any unfair or deceptive act or practice in the business of insurance.

b.     By its acts, omissions, failures, and conduct, Defendant STATE FARM has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.   Such violations include, without limitation, all the conduct described in this Petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiff's claim, plus Defendant's failure to pay for the proper repair of the Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt.   Specifically, Defendant STATE FARM

are guilty of the following unfair insurance practices:

      i.      Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

      ii.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

      iii.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement;

      iv.      Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

      v.      Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

      vi.      Misrepresenting the insurance policy sold to Plaintiff by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

      c.      Defendant STATE FARM has also breached the Texas Insurance Code

when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this Petition.

d.      All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

### 7.5    COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.

a.      Plaintiff is an individual who sought and acquired a good, the Policy that is the subject of the suit, by purchase, from the Defendant. Plaintiff also sought and acquired the service and adjustment of claims under that policy, a service that was "furnished in connection with the sale or repair of goods", as defined by the DTPA. This qualifies Plaintiffs as consumers of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under TEX. BUS. & COM. CODE ANN. Chapter 17. The Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

b.      By its acts, omissions, failures, and conduct that are described in this Petition, Defendant STATE FARM has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA. In this respect, Defendant's violations include without limitation:

i.      Unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiff as to whom was representing whom, and had whose best

interests in mind. This gives Plaintiff the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

ii.     As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

iii.    As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

iv.     As described in this Petition, Defendant represented to Plaintiff that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

v.      Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiff the right to recover under Section 17.46(b)(13) of the DTPA;

vi.     Defendant breached an express and / or implied warranty that the damage caused by the subject loss would be covered under the insurance policies. This entitles the Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii.    Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to

disclose such information was intended to induce the Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed. This gives Plaintiff the right to recover under Section 17.46(b)(24) of the DTPA;

       viii.     Defendant's actions, as described in this Petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

       ix.     Defendant's conduct, acts, omissions, and failures as described in this Petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

       c.     All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this Petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

## 7.6   COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

       a.     By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of

Plaintiff's entire claim, and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

### 7.7    COUNT 6 – MISREPRESENTATION

a.    Defendant STATE FARM is liable to Plaintiff under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant STATE FARM did not inform Plaintiff of certain exclusions in the policy. Misrepresentations were made by Defendant STATE FARM or its agents, with the intention that they should be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to Plaintiff's detriment. As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant STATE FARM is liable for these actual consequential and penalty-based damages.

### VIII.  WAIVER AND ESTOPPEL

8.1    Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiff.

### IX.  DAMAGES / CLAIMS FOR RELIEF

9.1    All the damages described and sought in this Petition are within the jurisdictional limits of the Court. In accordance with TEX. R. CIV. P. 47(c), Plaintiff hereby notifies the Court that Plaintiff is seeking monetary relief over $250,000 but not more than $1,000,000.

9.2    The above described acts, omissions, failures, and conduct of Defendants caused

Plaintiff's damages, which include, without limitation, (1) the cost to properly repair Plaintiff's home, (2) any investigative and engineering fees incurred by Plaintiff, (3) court costs, and (4) attorney's fees. Plaintiff is entitled to recover consequential damages from Defendants' breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus interest on the amount of the claim, under Chapter 542 of the Texas Insurance Code, as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under TEX. FIN. CODE ANN. § 304.003, accruing beginning on the date the claim was required to be paid. This interest is in addition to prejudgment interest.

9.3    Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allows recovery of up to three times economic damages. Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiff is entitled to recovery of up to three times actual damages. Plaintiff is further entitled to the additional damages that are authorized by Chapter 541 of the Texas Insurance Code.

9.4    Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in TEX. CIV. PRAC. & REM. CODE ANN. Chapter 41. These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar

acts in the future.

## X.  ATTORNEY'S FEES

10.1    As a result of Defendant's conduct that is described in this Petition, Plaintiff has been forced to retain the undersigned law firm and attorney to prosecute this action, and has agreed to pay reasonable attorney's fees.  Plaintiff is entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI.  DISCOVERY

11.1    In accordance with TEX. R. CIV. P. 194.1 and 194.2, the Defendant must, without awaiting a discovery request, provide to Plaintiff and any other parties, the updated initial disclosures described in Rule 194.2, within thirty (30) after the filing of the first answer or general appearance.

## XII.  JURY DEMAND

12.1    Plaintiff demands a jury trial and tenders the appropriate fee with this Petition.

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff FENTON LEWIS LOGAN prays that Defendant STATE FARM LLOYDS  be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at

the highest rate allowed by law, and for any other and further relief, at law or in equity, to which

Plaintiff may show himself to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**

By: _/s/ *Jesse S. Corona*_____

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
12807 Haynes Road, Bldg. E
Houston, Texas 77066
Telephone:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this
document via email generated by the efiling system on the date and to the persons listed below.
The rules governing certificates of service have not changed. Filers must still provide a certificate
of service that complies with all applicable rules.

Paola Borrego on behalf of Jesse Corona
Bar No. 24082184
pborrego@thecoronalawfirm.com
Envelope ID: 68087019
Status as of 9/9/2022 8:52 AM CST

Associated Case Party: FentonLewisLogan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| CLF Docket | | clfdocket@thecoronalawfirm.com | 9/8/2022 6:34:17 PM | SENT |
| Jesse S.Corona | | jesse@thecoronalawfirm.com | 9/8/2022 6:34:17 PM | SENT |
| Paola J.Borrego | | pborrego@thecoronalawfirm.com | 9/8/2022 6:34:17 PM | SENT |

9/19/2022 11:34 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 68380319
By: Bonnie Lugo
Filed: 9/19/2022 11:34 AM

## <u>AFFIDAVIT OF SERVICE</u>

State of Texas                    County of Harris                    281st Judicial District Court

Case Number: 202257185

Plaintiff:
**FENTON LEWIS LOGAN**

vs.

Defendant:
**STATE FARM LLOYDS**

Received these papers on the 14th day of September, 2022 at 6:00 pm to be served on **STATE FARM LLOYDS care of its Registered Agent, CORPORATION SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Vivian Smith, being duly sworn, depose and say that on the **15th day of September, 2022** at **9:30 am, I:**

hand-delivered a true copy of this **Citation together with Plaintiff's Original Petition, to STATE FARM LLOYDS care of its Registered Agent, CORPORATION SERVICE COMPANY** by and through its designated agent, **TERRI TREMBLAY,** at the address of: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 15th day of September, 2022 by the affiant who is personally known to me.



NOTARY PUBLIC

Helen Broussard
My Commission Expires
11/04/2023
ID No 130429927

**Vivian Smith**
PSC-12617, Exp. 5/31/2024

Our Job Serial Number: THP-2022005059
Ref: Logan

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2i



RECEIVED

SEP 1 4 2022

@ 6⁰⁰ pm

EML

**COPY OF PLEADING PROVIDED BY PLT**

Receipt Number: 932955
Tracking Number: 74050512

CAUSE NUMBER: 202257185

PLAINTIFF: LOGAN, FENTON LEWIS

vs.

DEFENDANT: STATE FARM LLOYDS

In the 281st Judicial

District Court of

Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS MAY BE SERVED BY SERVING ITS REGISTERED AGENT

CORPORATION SERVICE COMPANY

211 EAST 7TH STREET SUITE 620

AUSTIN TX 78701-3218

OR WHEREVER IT MAY BE FOUND

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on September 8, 2022, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit.  These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this September 12, 2022.



Marilyn Burgess

Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: MARIA RODRIGUEZ

Issued at request of:
CORONA, JESSE S.
12807 HAYNES ROAD, BLDG E
HOUSTON, TX  77066
281-882-3531
Bar Number: 24082184

10/10/2022 8:50 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 69044083
By: Marcella Hill
Filed: 10/10/2022 8:50 AM

## CAUSE NO. 2022-57185

| | | |
|---|---|---|
| FENTON LEWIS LOGAN | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 281ST JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, STATE FARM LLOYDS (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### GENERAL DENIAL

1.    State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### DEFENSES

2.    **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiffs lack(s) proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.    **Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff's under the

Policy in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

4.    **Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

5.    **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

6.    **Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss."

7.    **Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

8.    **No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision of this policy must be in writing by [State Farm] to be valid." State Farm made no such waiver in this case.

9.    **Cap on Punitive Damages.**  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff prove State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights

guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

10.     **Written Notice of Claim.**  State Farm specifically denies that Plaintiff provided it with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, he is barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

11.     **Chapter 542A.**  State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007. State Farm Lloyds pleads the limitations on Plaintiff's possible recovery of attorney's fees as set forth in Sections 542A of the Texas Insurance Code and, in particular, that Plaintiff not be awarded any attorney's fees under Section 542A.007(c), should it apply, or, alternatively, that any award of attorney's fees to Plaintiff be limited to the lesser of the amounts set forth in Section 542A.007(a)(1), (2), or (3) should Section 542A.007(c) not apply.  State Farm Lloyds further pleads all other limitations on Plaintiff's possible recovery of attorney's fees set forth elsewhere in Section 542A of the Texas Insurance Code.

### III.
### RIGHT TO AMEND

12.     State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS, respectfully requests that upon final trial and hearing hereof, that Plaintiff takes nothing and that Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By: _Rachel Crutchfield_____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
holidyefile@germer.com
**RACHEL CRUTCHFIELD**
State Bar No. 24012481
rcrutchfield@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**ATTORNEYS FOR DEFENDANT,
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 10th day of October, 2022.

Jesse S. Corona                                                    VIA E-FILE
THE CORONA LAW FIRM, PLLC
12807 Haynes Road, Bldg. E
Houston, Texas 77066
jesse@thecoronalawfirm.com

_Rachel Crutchfield_____
**RACHEL CRUTCHFIELD**

4

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liliana Calderon on behalf of Rachel Crutchfield
Bar No. 24012481
lcalderon@germer.com
Envelope ID: 69044083
Status as of 10/10/2022 9:50 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jesse S.Corona | | jesse@thecoronalawfirm.com | 10/10/2022 8:50:40 AM | SENT |
| CLF Docket | | clfdocket@thecoronalawfirm.com | 10/10/2022 8:50:40 AM | SENT |
| Paola J.Borrego | | pborrego@thecoronalawfirm.com | 10/10/2022 8:50:40 AM | SENT |

10/10/2022 8:50 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 69044083
By: Marcella Hill
Filed: 10/10/2022 8:50 AM

## CAUSE NO. 2022-57185

| | | |
|---|---|---|
| **FENTON LEWIS LOGAN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **281ST JUDICIAL DISTRICT** |

### DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM LLOYDS**, Defendant herein and demands a trial by jury.

The requisite jury fee is being tendered with the filing of this demand.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.

Respectfully submitted,

**GERMER PLLC**

By: _Rachel Crutchfield_
    _____
    **DALE M. "RETT" HOLIDY**
    State Bar No. 00792937
    holidyefile@germer.com
    **RACHEL CRUTCHFIELD**
    State Bar No. 24012481
    rcrutchfield@germer.com
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    (713) 650-1313 – Telephone
    (713) 739-7420 – Facsimile

**ATTORNEYS FOR DEFENDANT,
STATE FARM LLOYDS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 10th day of October, 2022.

Jesse S. Corona                                                                            **VIA E-FILE**
THE CORONA LAW FIRM, PLLC
12807 Haynes Road, Bldg. E
Houston, Texas 77066
jesse@thecoronalawfirm.com

_____
**RACHEL CRUTCHFIELD**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Liliana Calderon on behalf of Rachel Crutchfield
Bar No. 24012481
lcalderon@germer.com
Envelope ID: 69044083
Status as of 10/10/2022 9:50 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jesse S.Corona | | jesse@thecoronalawfirm.com | 10/10/2022 8:50:40 AM | SENT |
| CLF Docket | | clfdocket@thecoronalawfirm.com | 10/10/2022 8:50:40 AM | SENT |
| Paola J.Borrego | | pborrego@thecoronalawfirm.com | 10/10/2022 8:50:40 AM | SENT |

**Harris County Docket Sheet**

# 2022-57185

**COURT:**   281st

**FILED DATE:**   9/8/2022

**CASE TYPE:**   Debt/Contract - Consumer/DTPA



### LOGAN, FENTON LEWIS

**Attorney: CORONA, JESSE S.**

### vs.

### STATE FARM LLOYDS

| Docket Sheet Entries | |
|---|---|
| Date | Comment |